[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 6973
The motion to strike is granted as to the first count for failure to allege a public policy violation. "[T]he public policy exception to the general rule allowing unfettered termination of an at-will employment relationship is a narrow one that is only to be invoked when the reason for [the employee's] discharge . . . involves impropriety derived from some important violation of a public policy. . . . We are mindful that courts should not lightly intervene to impair the exercise of managerial discretion or to foment unwarranted litigation." (Internal quotation marks and citations omitted.) Emerick v. Kuhn, 52 Conn. App. 724, 737,737 A.2d 456, cert. denied, 249 Conn. 929 (1999). The plaintiff's claim that an employer should be held liable for discharging an at-will employee for grounds the employer allegedly knows are false would in effect and practice allow the narrow exception to swallow up the general rule.
The motion to strike the third count is granted for failure to allege that "the emotional distress sustained by the plaintiff was severe."Petyan v. Ellis, 200 Conn. 243, 253, 510 A.2d 1337 (1986).
The motion to strike the sixth count is granted because the plaintiff has made only a conclusory allegation and has failed to allege a business or contractual relationship with which the defendant allegedly interfered.
With respect to counts two, four, five, and seven the motion is denied.
BY THE COURT
Bruce L. Levin Judge of the Superior Court